IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSHUA WHISNEANT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-171 |
| WARDEN, LASALLE CORRECTIONS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Joshua Whisneant, an inmate currently confined at the Lasalle Corrections Unit in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual & Procedural Background

On April 23, 2020, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. # 1) along with a Memorandum in Support (doc. # 2). In the petition, Petitioner concedes he is currently not in the custody of the BOP and states he seeks to convert the remaining 23 months left on his sentence to either home confinement or placement in a halfway house. Petitioner argues he has multiple pre-existing health conditions that put him at serious risk of death if he contracts COVID-19.

The Government was ordered to show cause on May 4, 2020 (doc. # 3). On May 7, 2020, Petitioner filed an Amended Petition (doc. # 4), followed by a Brief in Support on May 29, 2020 (doc. # 6). Petitioner, however, requests the same relief, namely the conversion of his remaining

---

[1] At the time of filing this petition, Petitioner was incarcerated at the LaSalle Unit, awaiting to transfer to the BOP by the United States Marshals Service.

sentence to either home confinement or placement in a halfway house in light of his pre-existing health conditions. In his Brief in Support, Petitioner states he is concerned about a potential transfer to the Federal Medical Center in Fort Worth, Texas, and renews his request for home confinement.

On July 7, 2020, the Government filed its Response to the order to show cause (doc. # 7). The Government requests a stay as Petitioner is not in BOP custody or, alternatively, argues the petition should be denied in full as a § 2241 petition is the improper method to challenge his criminal sentence, Petitioner has not exhausted his administrative remedies, and placement on home confinement or transfer to a halfway house is a discretionary decision made by the BOP which is not subject to judicial review.

On July 9, 2020, Petitioner filed Supplemental Exhibits that support his concerns regarding a potential transfer to the Federal Medical Center in Fort Worth, Texas (doc. # 8).

Analysis

**A. Home Confinement**

On March 27, 2020, the CARES Act was signed into law. Pub. L. No. 116-136. Prior to the CARES Act, the BOP was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

On April 3, 2020, Attorney General William Barr issued a Memorandum "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19,

available at https://www.justice.gov/file/1267741/download (last visited June 30, 2022). Attorney General Barr instructed the BOP Director to review all inmates with COVID-19 risk factors - not only those who were previously eligible for home confinement - starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 was materially affecting operations. *Id*. All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id*.

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to make such a determination. 18 U.S.C. § 3621(b); *see also Cheek v. Warden of Federal Medical Center*, 835 F. App'x 737, 739-40 (5th Cir. Nov. 24, 2020) (not designated for publication) ("[T]he pandemic did not create judicial authority to grant home confinement." § 12003(b)(2) "did not grant the court the necessary power to order [Petitioner] to be placed in home confinement."). Furthermore, no inmate has a constitutional right to be housed in a particular place or any constitutional right to early releases. *Id*. at 740 (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

While the BOP and the Attorney General have the discretion to consider the appropriateness of a request for home confinement, this vested authority "might not wholly eliminate a court's role in such decisions." *Cheek*, 835 F. App'x at 740 (citing *Melot v. Gergami*, 970 F.3d 596-599-600 (5th Cir. 2000)). "A challenge to the BOP's or Attorney General's interpretation of the statute would make judicial review appropriate." *Id*. The record here, though, is devoid of any indication as to the extent the BOP has had the opportunity to actually consider Petitioner for home-confinement as Petitioner has yet to be transferred to BOP custody and failed to exhaust his administrative

remedies.² Petitioner's claim relating to his request for release to home confinement should be dismissed for lack of subject matter jurisdiction.

**B. Compassionate Release**

Petitioner also suggests the court should grant him a compassionate release in accordance with 18 U.S.C. 3582(c)(1)(A). Until recently, only the BOP could move to reduce a term of imprisonment for extraordinary and compelling reasons. In late 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file such a motion. 18 U.S.C. § 3582(c)(1)(A) (as amended). Extraordinary and compelling reasons could include medical conditions where "[t]he defendant is suffering from a terminal illness." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. N.1 (U.S.SENTENCING COMM'N 2019). Extraordinary and compelling reasons could also include situations where the defendant is suffering from a medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. But a defendant may pursue a motion to modify a sentence for "extraordinary and compelling reasons" only when he "has fully exhausted all administrative rights" or after "the lapse of 30 days from the receipt of such a request [to modify a sentence] by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); *see Mohrbacher v. Ponce*, No. CV 18-00513-DMG, 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the First Step Act); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (discussing same). And "[i]f petitioner . . . seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court." *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, No. 3:19-CV-1706-B, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (quotation marks and citations omitted); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010).

---

² As Petitioner has yet to be transferred to the BOP and is unable to exhaust his administrative remedies until his transfer, the court will not address the exhaustion issue.

As this court did not sentence Petitioner, it cannot grant him relief under § 3582(c)(1)(A). Furthermore, as Petitioner does not allege he is in custody as a result of a constitutional violation but rather seeks early release or home confinement based solely on his medical condition and the threat to his health posed by the COVID-19 pandemic. "[a] compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Thus, a petition under § 2241 is not the proper means by which Petitioner may obtain the relief he seeks. Petitioner's claim seeking compassionate release must also be dismissed for lack of subject matter jurisdiction.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed for lack of subject matter jurisdiction.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 9th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE